# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH SORENSEN, # 408-282 | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. PWG-15-3041 |
| | * |
| FRANK B. BISHOP, JR., *et al.* | * |
| | * |
| Defendants. | * |

## MEMORANDUM OPINION

On October 7, 2015, self-represented plaintiff Kenneth Sorensen, who is an inmate at the Maryland Correctional Institution in Hagerstown, Maryland, filed a fifty-nine page complaint naming thirty-one Defendants, twelve of whom are identified as "John or Jane Doe," and requesting damages of unstated sum. Compl., ECF No. 1. Sorensen has also filed a Motion for Leave to Proceed in Forma Pauperis and a Motion for a Preliminary Injunction in which he complains Defendants failed to provide a written report of the findings of every Administrative Remedy Procedure Request he has submitted. ECF Nos. 2, 3. Additionally, Sorenson asks to consolidate this case with Civil Action No. PWG-15-1198, as some of the same Defendants are named in both actions Compl. 56.

Upon review of the Complaint and exhibits, Sorensen's request to consolidate this case with Civil Action No. PWG-15-1198 will be granted. Sorensen's Motion for Leave to Proceed in Forma Pauperis will be granted subject to assessment of the initial partial filing fee required pursuant to 28 U.S.C. § 1915. The Motion for Preliminary Injunctive Relief will be denied.

# DISCUSSION

## A. Complaint

Sorensen's lengthy Complaint presents claims that Defendants failed to protect him from harm and denied him access to the administrative remedy and grievance process. Sorenson alleges he was threatened several times by members of the Black Guerilla Family ("BGF") while housed at Western Correctional Institution ("WCI") in 2012. Compl. Sorensen also claims his cellmate, a member of the prison gang Dead Man Incorporated, threatened and verbally abused him. Sorensen acknowledges that after he brought his concerns to corrections staff, he was placed "in lock-up" and later administrative segregation for his protection. *Id.* at 20, 26. He does not claim he was physically injured at WCI.

Sorensen next claims that his transfer from WCI to the Jessup Correctional Institution ("JCI") was a "set-up" to cause him harm. He bases his allegation on the following: 1) the transport bus driver took a twenty minute detour and drove around the JCI compound for twenty minutes; 2) the driver was texting on her phone during this time; 3) upon arrival at JCI a sergeant indicated JCI was not expecting anyone to arrive that late in the evening; and 4) as Sorensen was leaving the JCI property room, three BGF members came over to him and said "who's the guy coming from WCI?" Compl. 33, 37-39; Decl., ECF No. 1-1. Sorensen alleges that BGF members knew that he was coming to JCI, even though corrections officers had not expected him. Compl. 39.

Sorenson expressed his safety concerns to JCI correctional staff and was placed on administrative confinement at JCI pending transfer to protective custody housing. He complains he was housed at JCI for 695 days and: 1) he was exposed to "extreme roach infestation, mice infestation, spiders, frogs, and other vermin[]"; 2) he was denied access to a television for 347

days; 3) he was denied outdoor activity; 2) he was denied escort to the dental department on ten occasions; 4) he was "severely harassed and assaulted"; 5) he was denied attendance at congregate religious services; 6) his outgoing mail was improperly handled; and 7) case management staff failed to properly review his housing status. *Id.* at 41-42. Sorensen claims his transfer to JCI caused him "grievous losses" because the administrative segregation unit at WCI had televisions, hot pots, microwaves, tables, and well-ventilated recreation halls. *Id.*

The Complaint repeats a number of claims already raised in *Sorenson v. Department of Corrections, et al.*, Civil Action No. PWG-15-1198 (D. MD.). Specifically, Sorenson's Eighth Amendment claims concerning the conditions of his segregation confinement at JCI (vermin infestation, lack of televisions, hot pots, and microwaves, inadequate mental and dental health treatment, failure to properly review his segregation housing status, and harassment by officers) were raised in his earlier-filed case. Accordingly, the cases will be consolidated in the interest of judicial economy.

Sorensen claims he was physically assaulted at JCI, but provides no details. Similarly, Sorenson's claim that he was denied congregate religious services at JCI lacks detail. Sorenson will be granted twenty-eight days to file a supplement limited to these claims. He is directed to identify the names of the persons who allegedly assaulted him at JCI, the injuries he suffered, and the dates the assaults occurred. Further, he must state his efforts, if any, to alert corrections officials to his religious service attendance needs and the response he received. The Clerk will send a complaint form to assist him in amending his Complaint in Civil Action No. PWG-15-1198. **Sorenson is reminded to write Civil Action No. PWG-15-1198 on the supplement.**

The Department of Corrections will be dismissed as a party defendant because it is not a "person" amenable to suit under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (in

order to sustain an action under 42 U.S.C. § 1983, plaintiff a must demonstrate that he suffered a deprivation of rights secured by the Constitution of the United States; and the act or omission causing the deprivation was committed by a *person* acting under color of law). Additionally, with the exception of "Jane Doe # 2," escorting transportation officer, *see* Compl. 33, all John/Jane Does will be dismissed without prejudice to moving to amend should Sorenson identify any of them.

### B. Motion for Preliminary Injunctive Relief

Sorenson asserts that Warden John Wolfe, Shekey Sellman, and George Allen violated his rights under the First and Fourteenth Amendments by failing to provide findings of "any investigation to any grievance the plaintiff has submitted during his time while incarcerated at JCI." Pl.'s Mot. for Prelim. Injunctive Relief. He alleges that this prevented him from "fully address[ing] the government" in Civil Action No. PWG-15-1198. *Id.* He asks the Court to order Defendants to provide a written report of the findings of fact for each grievance he has submitted as a result of his transfer to JCI. *Id.*

For preliminary injunctive relief to be granted, a plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 19 (2008). All four requirements must be satisfied. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). A plaintiff must show that the irreparable harm he faces in the absence

4

of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In the prison context, courts grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

Sorenson's allegations do not show that he is likely to suffer irreparable harm absent a grant of preliminary relief, or that an injunction is in the public interest. First, Sorenson does not face imminent or irreparable harm. He is no longer housed at JCI and subject to the conditions at issue in the Complaint. Second, Defendants have yet to file a Response in Civil Action No. PWG-15-1198, and concerns of being prevented from fully addressing the Response are speculative and prospective. *Id.* Sorenson will be provided copies of the documents relied upon by Defendants in their response and he will be granted an opportunity to file a reply. Further, Sorenson does not provide sufficient information to show the likelihood of succeeding on the merits or that the balance of equities is in his favor. For these reasons, the motion for preliminary injunctive relief will be denied.

## CONCLUSION

A separate Order will be entered to grant the Motion to Proceed in Forma Pauperis, deny the Motion for Preliminary Injunctive Relief, and dismiss the Division of Correction and all "John/Jane Doe" Defendants except for "Jane Doe # 2," escorting transportation officer. This case will be consolidated with Civil Action No. PWG-15-1198, and service shall proceed as to all remaining Defendants not initially named in that action. Sorenson will be granted twenty-

eight days to file a supplement to his claims of physical assault and inability to attend religious services at JCI.[1]

10/24/13
Date

Paul W. Grimm
United States District Judge

---

[1] Sorenson shall limit the supplement to addressing these claims only.